CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for C'ville
NOV 25 2008
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 3:04cr00031-4 |
| | ) | |
| v. | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |
| NICHOLAS FEGGANS. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Nicholas Feggans, a federal inmate proceeding pro se, filed this "Ineffective Counsel Motion," which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. By order entered November 4, 2008, the court notified Feggans of the court's intention to construe and address his petition as a § 2255 motion, unless he expressly objected within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). At the same time, the court notified Feggans that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Feggans did not object to the court's construction and did not respond on the issue of timeliness. The court finds that Feggans' motion is barred by the one-year state of limitations for filing a § 2255 motion, and dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

## I.

On January 31, 2007, after a guilty plea pursuant to a written plea agreement, the court found Feggans guilty of conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846 and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The court sentenced Feggans to a total term of 120 months incarceration. Feggans did not appeal his convictions. The court received Feggans undated § 2255 motion on October 24, 2008.

---

[1] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Feggans's conviction became final on February 14, 2007, when his time to file an appeal to the United States Court of Appeals for the Fourth Circuit expired. Therefore, a timely § 2255 petition would have to have been filed by no later than February 14, 2008. Feggans does not offer any evidence to show that he was in any way prevented from timely filing a § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running anew. Accordingly, the court finds Feggans's motion untimely.

## III.

For the reasons stated, the court dismisses Feggans's § 2255 motion to vacate, set aside, or correct sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 25th day of November, 2008.

_____
United States District Judge